# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 24-5872

**Case Name** State of Arizona v. Meadows

**Counsel submitting this form** Anne Chapman

**Represented party/parties** Mark R. Meadows

*Briefly describe the dispute that gave rise to this lawsuit.*

Meadows was indicted by the State for crimes in connection with post 2020 election matters. Meadows sought to remove the criminal case against him to federal court pursuant to 28 USC § 1442(a)(1), the Federal Officer Removal Statute, asserting that all conduct by him giving rise to the indictment was undertaken "for and in relation to" his official role as the Chief of Staff to the President of the Untied States. The State opposed. The Court held an evidentiary hearing and remanded the case to State court. Meadows appeals that ruling.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                                   *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

The District Court denied removal and ordered the case remanded to State Court.
1. Given the low bar for removal under the Federal Officer Removal statute, did the trial court err in ordering remand by, among other reasons:
(a) substituting the State's allegations of violations of law for facts of record of Defendant's conduct giving rise to the allegations in the indictment;
(b) failing to, as required by Supreme Court and 9th Circuit precedent, credit Defendant's theory of the case in determining if there is a "causal nexus" between the conduct charged as the basis for Defendant's indictment and Defendant's official role and responsibilities as the White House Chief of Staff;
(c) requiring Defendant to "win his case" on the merits to obtain removal when, for purposes of deciding removal, the court addressed and resolved issues that go to the merits of Defendant's claim of Supremacy Clause immunity;
(d) purporting to address and define the scope of proper activities of the White House Chief of Staff by ruling certain types of activity to be outside that role when the Constitution and its Separation of Powers doctrine bars courts from so doing?
2. Did the trial court err in ruling that Defendant's Notice of Removal was untimely?

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The District Court held one evidentiary hearing on September 5, 2024, during which it also heard argument on the law.

**Signature** /s/ Anne Chapman     **Date** 10/01/2024
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                              *Rev. 09/01/22*